R E C E I V E D

APR 1 5 2016

AT 8:30                    M
WILLIAM T. WALSH
CLERK

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted):  SHAWN THOMAS | | Docket or Case No.:  16-1419 |
| Place of Confinement: CUMBERLAND F.C.I. | Prisoner No.:  24614-050 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | SHAWN THOMAS | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT/DISTRICT OF NEW JERSEY

   (b) Criminal docket or case number (if you know): 01-818

2. (a) Date of the judgment of conviction (if you know):  APRIL 28TH,2004/SEPTEMBER 6TH,2005

   (b) Date of sentencing: THE SAME ABOVE MENTIONED DATE

3. Length of sentence: 300 MONTHS

4. Nature of crime (all counts): CONSPIRACY TO THE DISTRIBUTION OF COCAINE(CRACK).

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☒        (2)  Guilty ☐        (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)        Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❑    No ❑

8. Did you appeal from the judgment of conviction?    Yes ☒    No ❑

9. If you did appeal, answer the following:

(a) Name of court: IN THE UNITED STATES COURT OF APPEALS/FOR THE THIRD CIRCUIT

(b) Docket or case number (if you know):

(c) Result: REVERSED

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised: BOOKER CLAIM

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❑    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❑   No ❑

(2) Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

JOHNSON CLAIM/ATTACHED HERETO

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

RESIDUAL CLAUSE WAS NOT DECLARED UNCONSTITUTIONALLY VAGUE UNTIL JUNE,2015...

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❏   No ❏
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ▩

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ▩

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

<pre>
        MOTION IS TIMELY FILED UNDER 2255(f)(3)
</pre>

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —

     (1) the date on which the judgment of conviction became final;

     (2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;

     (3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

     (4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:
VACATE SENTENCE/ RESENTENCE PETITIONER WITHOUT THE
CAREER OFFENDER ENHANCEMENT...

or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).


Executed (signed) on ___4- 12 - 16___ (date).


Shaun Thomas

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.


Executed (signed) on        4-12-16             (date)


Signature of Movant        Shawn Thomas


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## Standard of Review

Petitioner asserts that, In light of the Supreme Court ruling in Johnson v. United States, No.13-7120(S.Ct.June 26th,2015); which declared that the "residual clause" under 18 U.S.C § 924(e)(2)(B)(ii) of the Armed Career Criminal Act, which treats a prior conviction as a "violent felony" if it "otherwise involves conduct that presents a serious potential risk of physical injury to another", violates that Constitution's prohibition of vague criminal laws." Petitioner now seeks relief under 2255(f)(3),"the date on which the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

### Analysis of Johnson's Retroactive Applicability for Petitioner's on Collateral Review.

In Wood v. Maiorano, 2015 U.S. Dist. Lexis 103776, 2015 wL 4663267*4 ( M.D. Pa. August 6th, 2015), the Court recognized that since § 2255 plainly provides an avenue for litigating the merits of a Johnson based sentencing claims, such an argument should be addressed by the Court which is ultimately the most appropriate forum,i.e. that sentencing court. Wood's approach is based primarily on the fact that the Third Circuit Court of Appeals has not yet addressed the issue on Johnson's retroactivity. In Price v. United States, No. 15-2427 BL 249352 (7th cir. 2015), the Seventh Circuit Court of Appeal's ruled, that when the Supreme Court in Johnson ruled that the catchall definition of "violent felony" in the A.C.C.A was too unconstitutionally vague to justify enhancing a recidivist's sentence, they announced "a new substantive rule of constitutional law" that is categorically

(1)

made retroactive to final convictions. See also, Bousley v. United
States, 523 U.S. 614(1998); Saffle v. Parks, 494 U.S. 484(1990),
" New rules classified as "substantive" apply retroactively
because they necessarily carry a significant risk that a defendant
stands convicted of an act that the law does not make criminal or
faces a punishment that the law cannot impose on him." This Court
has the authority to make the retroactive determination. See. Ashley
v. United States, 266 F.3d 671(7th cir. 2001).

### Petitioner's Claim of a Fundamental Defect/ Erroneous Career Offender Sentencing Enhancement, Causing a Miscarriage of Justice.

Petitioner asserts that on April 28th, 2004, in the United States
District Court for the District of New Jersey, he was sentenced
to 360 months for the charge of Conspiracy to Distribute Cocaine
(Crack) at 50 grams or more, and recieved the Career Offender
Enhancement under the U.S. Sentencing Guidelines 4B1.2(a)(2). The
Sentencing Court made the determination that petitioner qualified
for the Career Offender Enhancement because of his two prior
predicate convictions. A prior State conviction on September 15th,
1995, for aggravated assault with a weapon, threaten to commit
crime, possession of firearm/unlawful purpose, possession of
handgun; offenses were ran concurrent, which qualifies as one
offense for the purpose of Career Offender Enhancement. Secondly,
a prior State conviction on February 9th, 1996, for Terroristic
Threats. On September 6th, 2005, Petitioner was resentenced under
Booker, and recieved a reduced sentence from 360 months to 300
months. Petitioner asserts that in light of the Supreme Court
ruling under Johnson, which declared that the "residual clause"
under the A.C.C.A is unconstitutionally vague; The clause that
treats a prior conviction as a "violent felony" if it "otherwise

(2)

involves conduct that presents a serious potential risk of physical injury to another." Petitioner further contends that because of this precedent case, his prior 1996 conviction for making Terroristic Threats, in violation of the New Jersey Statute, he no longer qualifies as a "violent felony" under the U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) Career Offender Enhancement, because the residual clause was the only clause under the Career Offender Statute sustaining his enhancement."Precedent...requires the application of case law interpreting 'violent felony' in the A.C. C.A to 'crime of violence' in U.S.S.G § 4B1.2 because of the substantial similarity of the two sections." Marrero, 743 F.3d at 394 n.2. See also, United States v. Hopkins, 577 F.3d 507,511(3rd cir. 2009)("[T]he definition of a violent felony under the A.C.C.A is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one is generally applied to the other....")

### Analysis of the inapplicability of Petitioner's Prior Terroristic Threats conviction that does not qualify as a predicate for Career Offender Enhancement under 4B1.2(a)(2).

Under the U.S. Sentencing Guidelines, the Career Offender Enhancement applies to a defendant if:(1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. § 4B1.1(a). The U.S. Sentencing Guidelines define a "crime of violence" in part as any crime punishable by more than a year of imprisonment that has an element the use, attempted use, or threatened use of physical force against the person of another. § 4B1.2(a)(1). A

(3)

prior conviction may be a "crime of violence" if it is a burglary of a dwelling, arson, or extortion, involves the use of explosives, or other involves conduct that presents a serious potential risk of physical injury to another. § 4B1.2(a)(2). Third Circuit Court Court of Appeals has previously ruled that a conviction for Terroristic Threats under 18 Pa. Cons. Stats. § 2706(a)(1) could not be used as a predicate offense for determining if a defendant was a Career Offender because § 2706(a)(1) was overbroad, in that it criminalized conduct that was not always considered a Federally defined "crime of violence". See. United States v. Gregory Garrett Brown, 765 F.3d 185(3rd cir. 2014),"The Court held that in Descamps v. United States, the United States Supreme Court rejected the approach of looking at the factual circumstances of a defendant's conviction to determine if the defendant committed a crime of violence: the factual circumstances of a defendant's conviction are not what matter; the key is the elements of the crime. 18 Pa. Cons. Stat. § 2706(a)(1) of the Pennsylvania Terroristic Threats Statute is overbroad because, in using the undefined term "crime of violence", it covers at least one factual circumstance-threatening to commit arson-that does not meet the U.S. Sentencing Guidelines definition of a "crime of violence". The modified categorical approach has no role to play because no single subsection of § 2706, by its elements, can be categorized exclusively as a crime of violence and thus may not qualify as a predicate offense for the career offense for the Career Offender Enhancement." Petitioner asserts that the 1996 New Jersey Statute for the charge of Terroristic Threats has the same defect of the above mentioned statute, it does not define what is a crime of violence. Petitioner further asserts that he was eligible for relief under Descamp's,

(4)

However, a Johnson Claim is also the correct vehicle for relief.

### Conclusion.

Petitioner asserts that without the Career Offender Enhancement he will be only facing a mandatory minimum of five years, rather than, a ten year mandatory minimum, and he will be facing a much lesser severe sentence of penalty under the Sentencing Guidelines. Wherefore, the petitioner prays that this Honorable Court grants this motion and setsforth order vacating his sentence, and remand the case for resentencing without the Career Offender Enhancement.

Respectfully Submitted,

Shawn Thomas
Shawn Thomas

(5)

**I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE INFORMATION ABOVE
IS TRUE AND CORRECT.**

SIGNED THIS ___12___ day of ___April___ , ___2016___.

Shawn Thomas

(original signature of movant)

F. C. J. Cumberland

P. O. Box 1000

Cumberland MD 21501
(address of movant)

2255 Motion (Rev. 02/18/2005)                    7